■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE KNOX, Appellant. — Judgment, Supreme Court, Bronx County (McMahon, J.), rendered October 10, 1980, convicting defendant Knox after a jury trial, of criminal possession of a weapon in the second degree (loaded weapon with the intent to use the same unlawfully against another) and criminal possession of a weapon in the fourth degree (dangerous knife with the intent to use the same unlawfully against another) and sentencing him as a second felony offender to an indeterminate term of imprisonment of 5 to 10 years and a concurrent definite term of imprisonment of one year, unanimously reversed, on the law

and facts as to both charges, and a new trial ordered. The defendant was jointly tried with Gary Anderson, who was similarly convicted. At the trial, the complaining witness, Jose Rivera, testified that the defendant and Anderson tried to rob him. According to Rivera, he was walking along 180th Street, Bronx, at 3 A.M., when the defendant suddenly dashed across the street. Rivera said the defendant was armed with a knife, Anderson with a gun. Rivera said the defendant put the blade of an 007 knife against his throat. Anderson soon joined the defendant. Rivera claimed that Anderson pulled a pistol from his waistband and put it to Rivera's chest and that defendant and Anderson unsuccessfully searched Rivera for cash. After a brief discussion concerning what to do with Rivera, the defendant and Anderson fled. Within a few minutes, Rivera flagged down a passing patrol car. A quick search of the neighborhood ended without results. Officers Sullivan and Stabile then took Rivera to the 46th Precinct. They told him to file a complaint. Shortly afterward, the officers stopped the defendant and Anderson because they matched the description that Rivera gave of his assailants. A frisk revealed that the defendant had an 007 knife in his pocket and that Anderson had a .22 caliber semiautomatic revolver in his waistband (the defendant does not contest denial of his motion to suppress). As the arresting officers took the defendant and Anderson into the 46th Precinct, Rivera was on his way out. He immediately identified his assailants and the weapons that the officers recovered. Anderson admitted that he and the defendant had confronted Rivera, but Anderson denied that a robbery attempt had occurred. Anderson explained that he reprimanded Rivera for Rivera's prior poor deportment in the bar known as Kim's Hideaway. Anderson told the jury that he had led Rivera out of the bar on two occasions. Anderson recalled that Rivera had frequented the bar six times. Anderson conceded that he carried the .22 caliber gun that night, but said he did not know if it was operable. The defense then called Rivera, who denied that he had been in the bar. The jury acquitted the defendant and Anderson of the robbery charges, but convicted both of them on the two weapons charges. The defendant contends that the trial court erred when it charged the jury concerning the elements of criminal possession of a weapon in the second degree. Regarding the intent to use the weapon against another, the court said: "Now the Penal Law also contains a presumption concerning the phrase with intent to use the same unlawfully. That section of the Penal Law reads as follows: The possession of [sic] any person of any weapon, instrument, appliance or substance designed, made or adapted for use primarily as a weapon is presumptive evidence of the intent to use the same unlawfully against another. This presumption is rebuttable. It remains so long as there is no substantial evidence to the contrary when [sic] and if such evidence is established the presumption disappears and unless met by further proof, there is nothing to justify a finding of intent to use unlawfully based solely upon this presumption." The defendant urges that the instruction is impermissibly "mandatory". The defendant also argues that even if the presumption had been couched in permissive terms, it would have been improper because the intent to use the weapon unlawfully does not flow naturally from possession alone. (See Leary v United States, 395 US 6, 36.) Relying on People v Thomas (50 NY2d 467), the District Attorney urges that these claims have not been preserved because the attorney for defendant did not timely raise them. But, at best, from the point of view of the People, the record is equivocal. In any event, the specific instruction given by the trial court that possession of a weapon is presumptive evidence of intent to use the same unlawfully is defective. This is especially pertinent in this case since the jury acquitted both defendants of the attempted robbery charge. Were it not for the charge which

created a *mandatory* rebuttable presumption (condemned in *Sandstrom v Montana*, 442 US 510), the jury could have inferred or rejected such inference that the weapons were possessed with intent to use unlawfully. The jury was not informed that it *could* reject the presumption even if *no* defense evidence was presented. The error in the charge shifting the burden of proof on the issues of intent was seriously prejudicial and mandates a new trial. Concur — Sandler, J. P., Sullivan, Bloom and Asch, JJ.