■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS LACEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.), rendered February 24, 1984, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Initially, we find that the defendant had standing to contest the search of the subject vehicle (see, People v Millan, 69 NY2d 514; People v Wesley, 73 NY2d 351). However, the evidence adduced at the hearing demonstrated that the police conduct was lawful and that suppression of the physical evidence seized was properly denied.

The police officers' stop of the vehicle occupied by the defendant and the codefendants was supported by reasonable suspicion (see, CPL 140.50 [1]; People v De Bour, 40 NY2d 210,

223). The vehicle matched the description given by a citizen informant and was stopped as it was leaving a parking spot at the address designated by the informant *(see, People v Rivera, 124 AD2d 682).* The information given to police, that a person in the described vehicle had a gun, was based upon the informant's direct observation of the gun. The officers' observations warranted the seizure of the gun which was in plain view in the vehicle *(see, People v Rodriguez, 130 AD2d 596).*

We have considered the defendant's remaining contention and find it to be without merit. A prosecutor is under a duty to turn over, upon the request of defense counsel, evidence which is favorable to the accused *(see, Brady v Maryland, 373 US 83).* However, "it is well settled that evidence is not deemed to be *Brady* material when the defendant has knowledge of it" *(People v Banks, 130 AD2d 498, 499).* Here, the defendant's alleged "new evidence" was known to him before and during his trial and could have been produced by him at the trial. A defendant who withholds evidence during his trial is not entitled to a new trial on the basis of the evidence he withheld *(see, People v Rivera, 118 AD2d 877).* Kunzeman, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.