■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS LACEN, Appellant.—Motion by the defendant for reargument of an appeal from a judgment of the Supreme Court, Richmond County, rendered February 24, 1984, which was determined by decision and order of this court dated June 26, 1989 [151 AD2d 783].

Ordered that the motion is granted, and, upon reargument, the decision and order of this court dated June 26, 1989, is recalled and vacated, and the following decision and order is substituted therefor.

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.), rendered February 24, 1984, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Initially, we find that the defendant had standing to contest

the search of the subject vehicle *(see, People v Millan,* 69 NY2d 514; *People v Wesley,* 73 NY2d 351). However, the evidence adduced at the hearing demonstrated that the police conduct was lawful and that suppression of the physical evidence seized was properly denied.

The police officers stopped the vehicle occupied by the defendant after receiving information from an identified citizen informant. The vehicle matched the description given by the citizen informant and was stopped as it was leaving a parking place at the address designated by the informant. The information given to police, that a person in the described vehicle had a gun, was based upon the informant's direct observation of the gun. It is well settled that, " 'as a general rule, information provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest' " *(People v Douglas,* 138 AD2d 731, 732). Therefore, the police had probable cause to arrest the defendant and had a basis to search a bag protruding from underneath the driver's seat, which contained a gun.

The action at bar is distinguishable from the recent decision of the Court of Appeals in *People v Torres* (74 NY2d 224), in that the police in that case were acting on reasonable suspicion that criminal activity was afoot when they searched closed containers within the car's passenger compartment for a weapon. Here, the police had probable cause to arrest the defendant and search the vehicle for the weapon seen and reported by the citizen informant. Kunzeman, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.