■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ARROYO, Appellant. [618 NYS2d 783] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered March 13, 1992, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second felony offender, to a term of 7½ to 15 years, unanimously affirmed.

Defendant's initial severance motion, which had been made while a motion to suppress co-defendant's statement was still *sub judice,* was denied without prejudice to renewal. Rather than renewing the motion at the appropriate time, counsel negotiated some redactions of the non-testifying co-defendant's statement with the prosecutor. Although they failed to reach an agreement as to two items, and the court denied counsel's application for these limited redactions, counsel did not thereafter renew the severance motion, object to the court's limiting instructions, or seek other curative relief, thereby waiving any such claims *(People v Cobos,* 57 NY2d 798, 802). Nor did defendant preserve any constitutional claims in this regard *(People v Iannelli,* 69 NY2d 684, *cert denied* 482 US 914). Since the statement is not facially inculpatory *(People v Davis,* 199 AD2d 61, *lv denied* 83 NY2d 804, *cert denied* — US — , 130 L Ed 2d 113), and any inferences which might have been associated with the defendant were adequately addressed by appropriate limiting instructions *(cf., People v Ayala,* 142 AD2d 147, 170, *affd* 75 NY2d 422; *People v Wheeler,* 62 NY2d 867) we decline to review in the interest of justice.

We do not find any basis to conclude that trial counsel did not prove meaningful advocacy *(People v Baldi,* 54 NY2d 137). On the face of the present record, we cannot conclude that, by negotiating the redaction, counsel's representation was incompetent.

We find no basis in the record to conclude that counsel was deprived of an opportunity to participate in the court's response to jury notes. Nor do we find any abuse of discretion in connection with the court's *Sandoval* ruling. We have examined the defendant's remaining claims, and find they do not warrant reversal. Concur—Ross, J. P., Asch, Rubin, Nardelli and Tom, JJ.