■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRAHA HODJA, Appellant. [628 NYS2d 722] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered March 12, 1993, convicting him of criminal possession of a weapon in the second degree and criminal contempt in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

That branch of the defendant's omnibus motion which was to suppress the gun recovered from his car by the arresting officer was properly denied. It is well settled that, " 'as a general rule, information provided by an identified citizen accusing another individual of the commission of a specific crime is suf-

ficient to provide the police with probable cause to arrest' " *(People v Douglas,* 138 AD2d 731, 732; *see also, People v Lacen,* 154 AD2d 398, 399). Based on information provided to the arresting officer by the complainant and another civilian witness that the defendant had just run down the complainant with his car and that he had a gun, the arresting officer had probable cause to arrest the defendant and had a basis to search his vehicle *(see, People v Lacen, supra).*

The trial court's charge sufficiently instructed the jury on the permissive nature of the presumption that the possession of a weapon "is presumptive evidence of * * * intent to use the same unlawfully against * * * another" (Penal Law § 265.15 [4]), and emphasized that the burden of proof remained with the prosecution *(see, People v Sanchez,* 192 AD2d 562, 563; *see also, People v McKenzie,* 67 NY2d 695, 696).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Ritter, Joy and Goldstein, JJ., concur.