■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIS WARE, Appellant. [662 NYS2d 669] —Judgment unanimously affirmed. Memorandum: Defendant contends that he was illegally arrested in his home without a warrant and that the physical evidence, i.e., the gun, seized as the fruit of such an illegal arrest, should have been suppressed. Upon our review of the record, we conclude that Supreme Court properly concluded that the police had probable cause to arrest defendant based upon the information that they had received from a citizen informant (see, People v Bero, 139 AD2d 581, 584; People v Phillips, 120 AD2d 621). In addition, the record supports the suppression court's determination that there were exigent circumstances present when the police observed defendant, who matched the description of a man who had just threatened a woman with a gun, about to enter a residence (see, People v Burr, 124 AD2d 5, 8, affd 70 NY2d 354, cert denied 485 US 989). Because the arrest was lawful, there is no merit to defendant's contention that the gun should have been suppressed as "poisoned fruit". (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Criminal Possession Weapon, 4th Degree.) Present—Pine, J. P., Lawton, Hayes, Callahan and Boehm, JJ.