■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STERLING BUTLER, Appellant. [670 NYS2d 991] —Crew III, J. Appeal from a judgment of the County Court of St. Lawrence

County (Nicandri, J.), rendered October 9, 1996, upon a verdict convicting defendant of the crime of burglary in the third degree.

The relevant facts are more fully set forth in our prior decision in *People v Durham* (248 AD2d 820). Defendant and his codefendant, Michael Durham, were indicted and charged with burglary in the third degree. Following a joint trial, defendant was convicted as charged and sentenced, as a second felony offender, to an indeterminate term of imprisonment of 2 to 4 years.

On this appeal, defendant contends that County Court erred in failing to sever his case from that of his codefendant. We disagree. Initially, we note that defendant failed to move for severance prior to trial and has thereby waived any issue as to the propriety of a joint trial (*see, People v Arroyo*, 209 AD2d 328, *lv denied* 85 NY2d 859). Were we to consider this issue, we nevertheless would find no error in conducting a joint trial of these defendants. It is axiomatic that "[s]ome degree of prejudice is * * * inherent in every joint trial" (*People v Mahboubian*, 74 NY2d 174, 183-184) and that factor must be balanced against concerns for judicial economy and convenience of witnesses. Inasmuch as the record does not reveal that the joint trial resulted in unfair prejudice to defendant and did not substantially impair his defense, we find no error (*see, People v Cruz*, 66 NY2d 61, *revd on other grounds* 481 US 186).

Next, defendant claims that he was denied effective assistance of counsel based upon the failure of his attorney to make a severance motion and to request a jury charge regarding accomplice testimony and a missing witness. As noted, the first claim is not supported in the record and we previously have resolved the jury charge issues in favor of the People (*People v Durham, supra*, at 822-823). Likewise, with regard to defendant's contentions that the verdict was not supported by legally sufficient evidence and is against the weight of the evidence, that the prosecution was required to prove defendant's guilt to a moral certainty and that the witnesses Rachel McIntosh and Brad Tyler were accomplices as a matter of law, we previously have determined those issues favorably to the People (*id.*, at 822). Finally, inasmuch as County Court sentenced defendant to the most lenient sentence required by law, we find absolutely no merit in defendant's contention that the sentence is harsh and excessive.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.