■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBUR GRANT, Appellant. [677 NYS2d 863] —Judgment unanimously affirmed. Memorandum: Defendant contends that the police lacked probable cause to arrest him and that the subsequent showup identification should have been suppressed. We disagree. In responding to the scene of a possible burglary, the police met with complainant, who stated that he had observed a man leaving the vacant house complainant had been watching for the owner. While speaking to the police, complainant saw defendant, the man he had observed leaving the house, and pointed him out to the police. An officer in a marked patrol car received a dispatch to stop defendant, and another officer approached him on foot. Defendant dropped the garbage bag he was carrying and fled. The police pursued defendant and, upon apprehending him, handcuffed and transported him to complainant, who identified him. Supreme Court properly concluded that the police had probable cause to arrest defendant based upon the information received from complainant. "It is well settled that, ' "as a general rule, information

provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest" ' " (*People v Hodja*, 216 AD2d 415, 415-416, *lv denied* 86 NY2d 796; *see also, People v Ware*, 242 AD2d 906, *lv denied* 91 NY2d 899). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Burglary, 3rd Degree.) Present—Green, J. P., Lawton, Hayes, Pigott, Jr., and Callahan, JJ.