■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MARTINEZ, Appellant. [684 NYS2d 521] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered on or about May 6, 1994, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), criminal impersonation in the second degree (two counts) and criminal possession of a forged instrument in the second degree, and sentencing him to concurrent terms of 2 to 6 years on each second-degree weapon possession conviction and 1 year on each of the remaining convictions, unanimously affirmed.

Since the plain meaning of the presumption contained in Penal Law § 265.15 (4) renders the presumption applicable to felony gun possession charges, the court properly instructed the jury thereon (*see, People v McKenzie*, 67 NY2d 695; *People v Williams*, 235 AD2d 267, *lv denied* 89 NY2d 1042). Viewed as a whole, the court's charge properly instructed the jury on the permissive nature of the presumption, and emphasized that the burden of proving every element of the crimes charged,

including intent, remained with the prosecution (*see, People v Hodja*, 216 AD2d 415, *lv denied* 86 NY2d 796). The court properly declined to charge specifically regarding the effect of rebuttal evidence. Such an instruction was not necessary to explain the application of the law to the facts and thus would result in an improper marshaling of the evidence offered by the defense and risk suggesting to the jury a shift in the burden of proof (*see, People v Knox*, 87 AD2d 504, *lv denied* 56 NY2d 653).

By abandoning an issue, the resolution of which had been deferred by the court, defendant failed to preserve his current claims of error regarding the admission of evidence that allegedly suggested uncharged crimes (*see, People v Cobos*, 57 NY2d 798, 802; *People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800; *People v Arroyo*, 209 AD2d 328, *lv denied* 85 NY2d 859), and we decline to review them in the interest of justice. Were we to review these claims, we would find that defendant could not have been prejudiced by this evidence, by the absence of an advance ruling on its admissibility, or by the absence of limiting instructions, which were never requested (*see, People v Williams*, 50 NY2d 996, 998-999; *People v Ramos*, 220 AD2d 330, *lv denied* 87 NY2d 976).

Defendant's *pro se* claim challenging the sufficiency of the evidence presented before the Grand Jury is not reviewable on appeal (*People v Cerda*, 236 AD2d 292). Concur—Sullivan, J. P., Nardelli, Rubin and Mazzarelli, JJ.