■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD GADSEN, Appellant. [691 NYS2d 331] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lebowitz, J.), rendered June 3, 1997, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not err in refusing to charge the jury on manslaughter in the second degree as a lesser-included offense of murder in the second degree. Viewing the evidence in the light most favorable to the defendant (*see, People v Martin,* 59 NY2d 704, 705), there is no reasonable view of the evidence which would support a finding that the defendant committed the lesser offense, but not the greater (*see, People v Ford,* 62 NY2d 275, 281).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Bracken, J. P., O'Brien, Thompson and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HOPSON, Appellant. [691 NYS2d 333] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered May 22, 1997, convicting him of attempted burglary in the second degree and criminal contempt in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the search conducted by the officers who responded to the complainant's emergency 911 telephone call was supported by probable cause (*see, People v Rodriguez,* 221 AD2d 574; *People v Hodja,* 216 AD2d 415). Further, the trial court properly admitted evidence of certain prior bad acts committed by the defendant, which were probative of his intent and motive (*see, People v Till,* 87 NY2d 835; *People v Alvino,* 71 NY2d 233, 241-243; *People v Molineux,* 168 NY 264; *see also, People v Cham,* 259 AD2d 492; *People v Underwood,* 255 AD2d 405).

The defendant's remaining contentions are either unpreserved for appellate review (*see, People v Balls,* 69 NY2d 641, 642; *People v Tutt,* 38 NY2d 1011) or without merit (*cf., People v Hicks,* 68 NY2d 234, 239). Bracken, J. P., O'Brien, Thompson and Sullivan, JJ., concur.