THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STACIE CALLOWAY, Appellant. [718 NYS2d 924] —Judgment unanimously affirmed. Memorandum: Defendant contends that she was illegally arrested in her mother's home without a warrant and that the physical evidence seized should have been suppressed as the fruit of the illegal arrest. Upon our review of the record, we conclude that the suppression court properly determined that the police lawfully entered the mother's home, based both on exigent circumstances (*see, People v Ware,* 242

AD2d 906, *lv denied* 91 NY2d 899) and the consent of defendant's mother to that entry (*see, People v Burnett,* 270 AD2d 901). "The hearing court's assessment of credibility is entitled to great weight, and the court's determination will not be disturbed where, as here, it is supported by the record" (*People v Little,* 259 AD2d 1031, 1032, *lv denied* 93 NY2d 926). Because the arrest was lawful, there is no merit to defendant's contention that the physical evidence should have been suppressed as the fruit of that arrest. The further contention of defendant that the physical evidence should have been suppressed because it was not seized incident to her arrest is not preserved for our review (*see, People v Honeycutt,* 267 AD2d 1007), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Finally, the sentence is neither unduly harsh nor severe (*see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Monroe County Court, Smith, J.—Burglary, 1st Degree.) Present—Pine, J. P., Wisner, Hurlbutt and Kehoe, JJ.