OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the motion to suppress granted, and the plea vacated.
The trial court was in error in its conclusion that merely because reckless driving is a misdemeanor rather than a traffic violation, the arrest was inevitable. An arrest in a situation such as was presented in this case was neither called for nor the preferred procedure (see Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 150.20).
Based on no more than what the police considered to be erratic driving on the part of the defendant, they approached the defendant with guns drawn and proceeded to "frisk” the defendant. The police officer testified at the suppression hearing that this search was conducted on his belief that the defendant might be armed; however, there is no testimony or finding as to what circumstances led the police officer to that conclusion.
The defendant was never informed that he was under arrest for reckless driving and was never charged with that offense. As we observed in People v Troiano (35 NY2d 476, 478): "There is, perhaps, an area of traffic violation 'arrest’ where a full-blown search is not justified, but it might seem to be confined to a situation where an arrest was not necessary because an alternative summons was available or because the arrest was a suspect pretext (cf. People v. Marsh, 20 N Y 2d 98; People v. Adams, 32 N Y 2d 451, 455, and dissenting opn. at pp. 456-457; but see A. L. I., Model Code of Pre-Arraignment *780 Procedure [O.D. No. 1, 1972], § SS230.2, including, however, the accompanying note).”
On the facts of this case, the police conduct would fall within that rule.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, motion to suppress granted, plea vacated and indictment dismissed in a memorandum.