■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BOYLAN, Appellant. — Appeal by defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered April 18, 1983, convicting him of criminal possession of stolen property in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress evidence.

Judgment affirmed, and case remitted to the County Court, Rockland County, for further proceedings pursuant to CPL 460.50 (5).

Defendant challenges the denial of his motion to suppress evidence seized during a raid of a used car lot and an alleged consensual search of his home garage. The record discloses that defendant had no connection with the lot where the two cars seized were being offered for sale. Nor does the record disclose any other basis from which defendant could even argue that he had a legitimate expectation of privacy in the vehicles seized on the lot. Consequently, the County Court correctly concluded that defendant lacked standing to challenge the search and seizure conducted on that lot (*People v Ponder,* 54 NY2d 160).

The search conducted at defendant's house was allegedly done with the consent of defendant's wife. The evidence adduced at the hearing presented significant issues of credibility and we find no reason to disturb the hearing court's resolution of these issues (*People v Prochilo,* 41 NY2d 759; *People v Armstead,* 98 AD2d 726). In that context, the record discloses that the People met their burden of showing that a voluntary consent to the search was made under the totality of the circumstances (*People v Gonzalez,* 39 NY2d 122; *People v Zimmerman,* 101 AD2d 294). Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.