■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASSAN DOUGLAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered March 25, 1986, convicting him of robbery in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review, the denial (Linakis, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made by him while in police custody.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the identification procedures employed by the police in conducting the lineup from which he was selected were not unduly suggestive. The mere fact that a witness is told that a possible suspect is in custody or that a suspect who fit the description will be on view does not invalidate an otherwise fair lineup *(see, People v Rodriguez,* 64 NY2d 738, 740-741; *People v Hammond,* 131 AD2d 876, 877, *lv denied* 70 NY2d 800). In any event, based upon the duration of the robbery wherein the victim had an extended opportunity to view the defendant under favorable conditions, it is evident that an independent basis existed for the victim's in-court identification *(see, People v Magee,* 122 AD2d 227, 228; *People v Rudan,* 112 AD2d 255, 256-257). Similarly, the defendant's statements, which were not made in response to police interrogation, were properly ruled admissible *(see, People v Rivers,* 56 NY2d 476, *rearg denied* 57 NY2d 775; *People v Maerling,* 46 NY2d 289, 302-303; *People v Kaye,* 25 NY2d 139). The police are not required "to take affirmative steps, by gag or otherwise, to prevent a talkative person in

custody from making an incriminating statement" *(People v Rivers, supra,* at 479). Additionally, the defendant's arrest was based upon probable cause to believe that a crime had been committed and that he was the person responsible therefor *(see, People v Carrasquillo,* 54 NY2d 248, 254). "[A]s a general rule, information provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest" *(see, People v Sanders,* 79 AD2d 688, 689; *see also, People v Crespo,* 70 AD2d 661).

The defendant's contention that his identity as one of the perpetrators was not established by legally sufficient evidence is without merit. Viewing the evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. All elements of the three counts of robbery in the second degree were clearly established.

Minor discrepancies between the testimony of witnesses are not sufficient to show that a witness's testimony was incredible as a matter of law *(see, People v Di Girolamo,* 108 AD2d 755, *lv denied* 64 NY2d 1133). Moreover, the jury heard the testimony, including defense counsel's extensive cross-examination, wherein these inconsistencies were aggressively pursued. Issues of credibility, and the weight to be accorded each piece of evidence presented are within the province of the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94; *People v Rosenfeld,* 93 AD2d 872, *lv denied* 59 NY2d 977).

The jury's determination is entitled to great weight on appeal *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Kunzeman, Weinstein and Rubin, JJ., concur.