■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DaCOSTA, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Beerman, J.), both rendered February 11, 1987, convicting him of robbery in the third degree under indictment No. 2428/85, upon a jury verdict, and robbery in the first degree under indictment No. 3107/86, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Viewing the evidence in the light most favorable to the

prosecution *(People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt under indictment No. 2428/85. The minor discrepancies in the complainant's testimony do not render his testimony incredible as a matter of law *(see, People v Douglas,* 138 AD2d 731). Further, issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's contention, the trial court's original charge on intent was adequate *(see,* 1 CJI[NY] 9.31, at 502; 2 CJI[NY] PL 160.05, at 897). Furthermore, inasmuch as the court's rereadings of the elements of robbery in the third degree were in accordance with the jury's request, and the jury did not request reinstruction as to the meaning of intent and force, the court committed no error in refusing to reinstruct the jury on intent and force *(see, People v Allen,* 69 NY2d 915; *People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847).

We have considered the defendant's remaining contention and find it to be without merit. Lawrence, J. P., Sullivan, Harwood and Balletta, JJ., concur.