■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS CARVAJALES, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered June 18, 1986, convicting him of criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that

branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the County Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Two New York State Police Troopers observed the defendant driving in a reckless manner, at very high speeds, upon the Southern State Parkway at 4:00 A.M. As the defendant left the parkway, the Troopers stopped his car, approached with guns drawn, directed him to exit from his car, and immediately conducted a search of his person, informing him that he was under arrest for reckless driving. A search of the defendant's pockets disclosed, *inter alia,* several foil packets which contained a white powdered substance. The subsequent search of the interior of the automobile revealed a closed brown paper lunch bag which was found to contain a plastic bag holding more of a white powdered substance. Subsequent laboratory analysis confirmed that some of the material found in the paper bag was cocaine.

On appeal, the defendant contends, *inter alia,* that the search of his person and the automobile was improper and that the fruits of this search should have been suppressed. In this regard he alleges that the State Troopers used his reckless driving as a pretext to conduct the illegal search, where the alternative of issuing a summons was available to them. We agree.

The Court of Appeals has indicated that, upon an arrest for a traffic offense, a full-blown search is not justified where the arrest was unnecessary because an alternative summons was available, or because the arrest was a pretext *(People v Troiano,* 35 NY2d 476, 478). The testimony adduced at the suppression hearing demonstrates that the State Troopers exercised no discretion in deciding to arrest and search the defendant and, in fact, immediately upon alighting from their patrol car, were determined to arrest and search the defendant. Since no showing has been made as to why an arrest was deemed necessary or inevitable, we conclude that the arrest herein was a pretext and that an alternative summons was probably available *(see also, People v Howell,* 49 NY2d 778). Accordingly, suppression of the items recovered from the defendant's person should have been granted and the items recovered from the defendant's automobile must also be suppressed as fruits of the initial, unlawful search.

Furthermore, inasmuch as the contraband seized constituted the entire basis for the indictment, it must be dismissed.

In view of our holding we need not reach the defendant's other contentions. Mangano, J. P., Bracken, Kunzeman and Eiber, JJ., concur.