THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL SETZER, Appellant. [608 NYS2d 6] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered March 25, 1991, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the case is remitted to the Supreme Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On March 29, 1990, at approximately 11:30 P.M., Trooper Michael Thomas of the New York State Police was on "road check" duty at the New Rochelle toll barrier on Interstate 95. He observed the driver of a tan vehicle, in which the defendant was a passenger, proceed through the toll barrier without wearing his seat belt. Trooper Thomas pulled the vehicle over and instructed the driver to exit the vehicle. The driver then accompanied Trooper Thomas back to the patrol car, where he was issued a summons for violating Vehicle and Traffic Law § 1229-c. While issuing the summons, Trooper Thomas observed the defendant, in the passenger seat of the stopped vehicle, continually looking over his left shoulder and lifting his hips off the seat while motioning as if he was pushing something down into the front of his pants. Immediately after issuing the summons, Trooper Thomas asked the owner and operator if he could search the vehicle. The driver gave his consent.

Trooper Thomas then moved to the passenger side of the vehicle and instructed the defendant to step out. The defendant did so with his hands in his jacket pockets, one on top of the other over the front of his pants. Thomas requested that the defendant remove his hands from his pockets. As the defendant did so, he simultaneously turned away from Thomas and put his hands in the air. Thomas directed the defendant to turn around. As he did so, Thomas noticed the bulge in the front of the defendant's pants. The object causing the bulge was not within view and was described by Thomas as "[m]assive", and the size of a "criminal law book". The defendant noticed Thomas observing the bulge and reached

for it. Thomas grabbed the defendant and pushed him against the car. Thomas handcuffed the defendant and patted him down, feeling the bulge in the front of the defendant's pants. According to Thomas, the bulge did not feel like a metal object and there is no view of the evidence which would lead to the conclusion that he had reason to believe that the defendant was in possession of a weapon. Thomas then reached into the defendant's pants and pulled out a package of cocaine. We find that Trooper Thomas' actions constituted an unlawful search and seizure and the hearing court erred when it failed to suppress the physical evidence *(see, People v Diaz,* 81 NY2d 106).

Upon searching the vehicle with the driver's consent, Trooper Thomas was authorized to direct the defendant out of the car as a precautionary measure *(see, People v Robinson,* 74 NY2d 773). Furthermore, once the defendant reached for the bulge, the situation appeared to pose an imminent threat to Trooper Thomas and he was therefore authorized to handcuff the defendant *(see, People v Allen,* 73 NY2d 378). He was also authorized to conduct a protective pat-down of the defendant *(see, Terry v Ohio,* 392 US 1). However, once Thomas determined that the bulge was not a weapon, the search should have ended. Thomas's subsequent retrieval of the contraband from inside the defendant's pants exceeded the narrow scope of the authorized intrusion *(see, People v Diaz, supra).* The physical evidence was unlawfully seized and should have been suppressed.

We find the defendant's remaining contentions, including those raised in his *pro se* brief, to be without merit *(see, People v Sides,* 75 NY2d 822; *People v Morales,* 80 NY2d 450; *People v Rivera,* 71 NY2d 705; *see also, People v Spann,* 56 NY2d 469). Mangano, P. J., O'Brien, Pizzuto and Santucci, JJ., concur.