■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS PEGUES, Appellant. [617 NYS2d 783] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered October 5, 1992, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

The determination of the hearing court, which had the advantage of hearing and seeing the witnesses firsthand, is to be accorded much weight on appeal *(see, People v Prochillo,* 41 NY2d 759), and it should be upheld unless it is clearly erroneous *(see, People v Singletary,* 135 AD2d 757). Inasmuch as that court's determination is supported by the record, it will not be disturbed on appeal *(see, People v Norris,* 122 AD2d 82).

Contrary to the defendant's contentions, the police officer testified that he saw the automobile in question being driven erratically before it pulled into a parking spot. This observation provided an articulable reason sufficient to justify the officer's approaching the parked vehicle to inquire as to whether something was wrong with the driver *(see, People v De Bour,* 40 NY2d 210). Further, the driver's unwillingness to exit the automobile and his reaching under the seat were sufficient to give rise to the officer's reasonable suspicion that the occupants might be armed and that he and his partner were in danger of physical injury *(see,* CPL 140.50 [3]; *People v Prochillo,* 41 NY2d 759, *supra; People v De Bour, supra),* justifying the officer's asking the occupants to exit the vehicle and grabbing for the object in the defendant's coat pocket that

the officer had correctly suspected to be a gun *(see, People v Torres,* 74 NY2d 224, 231; *People v Prochillo, supra).*

Insofar as we conclude that the removal of the gun from the defendant's pocket and his ensuing arrest were proper, the postarrest statements made by him to friends and family in the presence of as well as directly to the police cannot be deemed the "fruit of the poisonous tree" subject to the exclusionary rule *(see, Wong Sun v United States,* 371 US 417). The hearing court properly determined that those statements were admissible, as the statements the defendant made to his family and friends were not the product of custodial interrogation, and the statements made to the police at the station house were made following a knowing and voluntary waiver of his *Miranda* rights *(see, e.g., People v Montalvo,* 199 AD2d 283; *People v Sims,* 127 AD2d 712, 713; *People v Bonacorsa,* 115 AD2d 546).

The defendant's remaining contentions are without merit. Balletta, J. P., Rosenblatt, Miller, and Ritter, JJ., concur.