■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD HEATH, Appellant. [625 NYS2d 540] —Judgment, Supreme Court, New York County (Howard Bell, J., at hearing; Michael A. Corriero, J., at trial), rendered April 26, 1993 which, after jury trial, convicted defendant of criminal possession of a controlled substance in the third degree and sentenced him, as a second felony offender, to a prison term of from 4½ to 9 years, unanimously reversed, on the law and the facts, and the indictment is dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

Testimony educed at the Suppression Hearing revealed that on March 14, 1992, New York City Police Officers Rafael Diaz and Eddie Reyes were in a patrol car heading southbound on 2nd Avenue between 108th and 109th Streets when Diaz, who was seated on the passenger side of the marked patrol car, looked to his left and saw defendant standing with a male

Hispanic near the northeast corner of 108th Street. Officer Diaz testified that at the time of his observation, the radio car was travelling approximately 5 miles per hour, that defendant stood approximately 8 to 10 feet away and that the area was lit by a street lamp and a light in front of a building.

As the cruiser reached the corner of 108th Street, Officer Diaz observed the defendant hand the Hispanic male a plastic heat-sealed vial with a dark top in exchange for currency, which defendant then placed in his pocket. The patrol car immediately turned east onto 108th Street and stopped, at which point Officer Diaz exited the vehicle and approached the defendant, who initially began to walk away toward 2nd Avenue before he stopped and turned around.

Officer Diaz maintained that the defendant appeared nervous and kept putting his left hand in his side jacket pocket. At that time, Officer Diaz noticed a bulge the size of a fist on the left side of the defendant's jacket and, fearing for his safety, patted the area and concluded that it was too small to be a gun. The officer then reached into defendant's pocket and removed ten vials of what was eventually determined to be crack-cocaine sealed in plastic. The defendant informed the officers that the drugs and the money were for his own personal use.

On cross-examination, defense counsel confronted the officer with the proposition that the distance from which he allegedly observed the transaction, taking into account the width of the sidewalk and two lanes of 2nd Avenue, was much greater than the 10 feet to which he had testified. Officer Diaz initially wavered and then returned to his assertion that he was 10 feet from the defendant when the transaction occurred. At the conclusion of the hearing, Justice Bell fully credited Officer Diaz' testimony and denied suppression of the physical evidence.

At trial, Officer Diaz, after measuring the distance with the Assistant District Attorney assigned to the case, admitted that the actual distance at which he allegedly observed defendant hand the unidentified male a black-topped vial was 60 feet, plus two lanes of traffic, rather than 8 to 10 feet, as he had testified earlier. Defendant now appeals his conviction based upon the foregoing discrepancy and the fact that the illicit narcotics were recovered as the end-product of an illegal search. We agree and reverse.

The arresting officer's testimony that he observed defendant exchanging a 2-inch glass vial with a dark top, from a dis-

tance of approximately 74 feet, from a moving patrol car, after dark, is, in our view, contrary to common experience and, as such, was incredible as a matter of law and did not support the verdict *(People v Lebron,* 184 AD2d 784, 785; *People v Garafolo,* 44 AD2d 86, 88).

In view of the foregoing, the officer also lacked sufficient probable cause to search defendant's pockets after he had determined that the "bulge" was too small to be a weapon *(People v Diaz,* 81 NY2d 106, 109; *People v Setzer,* 199 AD2d 548, 549), and, as a result, the physical evidence should have been suppressed. Concur—Rubin, J. P., Ross, Nardelli, Williams and Tom, JJ.