■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS ROSARIO, Also Known as HIPOLITO CONCEPCION, Appellant. [666 NYS2d 661] —Appeal by the defendant from a judgment of the County Court, Westchester County (Murphy, J.), rendered October 5, 1995, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him.

Ordered that the judgment is affirmed.

The determination of the hearing court, which had the advantage of hearing and seeing the witnesses first hand, is to be accorded much weight on appeal (*see, People v Prochilo,* 41 NY2d 759, 761), and it should be upheld unless it is clearly erroneous (*see, People v Pegues,* 208 AD2d 773). Inasmuch as the hearing court's determination is supported by the record, it should not be disturbed (*see, People v Pegues, supra,* at 773).

Because the record establishes that the police legally stopped

the vehicle in which the defendant was a passenger, the officer was authorized to direct both the driver and the defendant passenger to exit the vehicle (*see, People v Robinson,* 74 NY2d 773, 775, *cert denied* 493 US 966; *People v Diaz,* 232 AD2d 289; *People v Miles,* 208 AD2d 1089, 1091). Once the officer observed a bulge in the defendant's pants he was entitled to engage in the "minimal intrusion" of touching it to determine if it was a weapon (*People v Miles, supra,* at 1091; *see, People v Setzer,* 199 AD2d 548). Because the testimony, which the hearing court found credible, established that the officer did not remove the package himself after determining that it was not a weapon, and further established that the defendant voluntarily produced the package, there is no basis for disturbing its denial of the motion to suppress the package, which was found to contain narcotics (*compare, People v Miles, supra,* at 1091; *People v Setzer,* 199 AD2d 548, *supra).* The evidence also supports the court's conclusion that the defendant's voluntary production of the narcotics, while disavowing ownership, was an attempt to disassociate himself from the narcotics contained in the bag (*see, People v Maldonado,* 184 AD2d 531; *People v Alvaranga,* 198 AD2d 286, 287, *affd* 84 NY2d 985).

The court correctly denied the motion to suppress the defendant's statements, as the record fully supports the conclusion that the statement he made at the scene was "clearly spontaneous in nature and thus was admissible in the absence of *Miranda* warnings" (*People v Johnson,* 240 AD2d 432; *see, People v Morgan,* 226 AD2d 398). The statements the defendant made at police headquarters were admissible as they were made after he knowingly and voluntarily waived his *Miranda* rights (*see, e.g., People v Pegues, supra,* at 774; *People v Montalvo,* 199 AD2d 283; *People v Gee,* 104 AD2d 561). Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.