◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BUFFA, Appellant. [698 NYS2d 692] —Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Spires, J.), rendered March 9, 1998, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence, under Indictment No. 10382/97 and (2) an amended judgment of the same court (Roman, J.), rendered March 27, 1998, revoking a sentence of probation previously imposed by the same court, upon his admission that he had violated a condition thereof,

and imposing a sentence of imprisonment upon his previous conviction of burglary in the third degree under Indictment No. 4314/94. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to law enforcement officials.

Ordered that the judgment and amended judgment are affirmed.

Suppression of the defendant's statement that the drugs belonged to him was properly denied, since the evidence adduced at the suppression hearing established that the statement was spontaneous in nature and, thus, admissible in the absence of *Miranda* warnings (*see, People v Rosario,* 245 AD2d 470; *People v Johnson,* 240 AD2d 432).

The defendant's claim that the evidence was legally insufficient is not preserved for appellate review, since he never raised the specific arguments before the trial court that he seeks to raise now (*see, People v Gray,* 86 NY2d 10; *People v Fields,* 188 AD2d 612). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant gave his address as the apartment in which the drugs were found, and also claimed ownership of the drugs (*see, People v Pinchback,* 187 AD2d 540, *affd* 82 NY2d 857). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

In light of the foregoing, the defendant's claims with regard to the amended judgment are without merit. Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.