■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PHILLIPS, Appellant. [721 NYS2d 679] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (LaTorella, J.), rendered December 15, 1997, convicting him of attempted burglary in the second degree, burglary in the second degree (two counts), criminal mischief in the fourth degree (three counts), and criminal possession of stolen property in the fifth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (O'Dwyer, J.H.O., at hearing, and Eng, J., on order), of those branches of the defendant's omnibus motion which were to suppress identification testimony, his statement to law enforcement authorities, and certain physical evidence.

Ordered that the judgment is affirmed.

The evidence presented by the People at the suppression hearing established that the police had probable cause to arrest the defendant. A police officer responding to a telephone call received over the 911 emergency number was advised by the superintendent of an apartment building that a burglar just fled the building. The superintendent, who was also an off-duty corrections officer, provided a description of the burglar and, after canvassing the neighborhood for approximately 20 minutes with the police, identified the defendant at a location about two blocks from the crime scene. Under the circumstances, the police officer properly concluded that a crime had been committed and that the defendant was the perpetrator (*see,* CPL 140.10 [1]; *People v Bigelow,* 66 NY2d 417, 423; *People v McRay,* 51 NY2d 594, 602; *People v Brown,* 256 AD2d 414).

Generally, information provided by an identified citizen accusing another individual of the commission of a specific crime

is sufficient to provide the police with probable cause to arrest (*see, People v Douglas,* 138 AD2d 731). Although the information provided by the superintendent to the police officer was based in part on hearsay, the People sufficiently established the superintendent's reliability and the basis for his information (*see, People v Ketcham,* 93 NY2d 416; *People v Bigelow, supra*).

The defendant's remaining contentions are without merit. O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.