■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESMOND JADE, Appellant. [730 NYS2d 136] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered March 10, 1999, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. This appeal brings

up for review the denial, after a hearing (O'Dwyer, J.H.O., at hearing, and Buchter, J., on the order), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On November 3, 1997, the complainants were robbed at gunpoint by two men who fled the scene in a car. Although the complainants were unable to follow the car, they were able to determine the make of the car, as well as the state and first two letters of the car's license plate.

On March 12, 1998, the complainants observed the same car that had been involved in the robbery and called the police. Upon the arrival of the police, the complainants pointed out the car and explained the events of November 3, 1997. At that point, the driver of the vehicle exited the car and the complainants immediately identified him as one of the men who robbed them on November 3, 1997.

After the driver reentered the car and drove away, the police followed the car and advised the complainants to remain at the location. The police pulled the car over approximately 10 blocks from where the complainants were located. As the police approached the vehicle, they noticed for the first time that a passenger, the defendant, was lying down in the backseat. The police asked both the driver and the defendant to exit the car. Within 5 to 10 minutes from the time that the driver and the defendant were removed from the car, the police brought the complainants to the scene to identify the driver. The complainants were unaware that the defendant was also a passenger in the car. Once at the scene, the complainants identified both the driver and the defendant, who were not handcuffed, as the men who robbed them. Upon such identification, both men were arrested.

The determination of the hearing court, which had the advantage of hearing and seeing the witnesses first hand, is to be accorded great weight on appeal (*see, People v Prochilo,* 41 NY2d 759, 761), and it should be upheld unless it is clearly erroneous (*see, People v Rosario,* 245 AD2d 470). Inasmuch as the hearing court's determination is supported by the record, it will not be disturbed (*see, People v Rosario, supra*).

The record establishes that the police legally stopped the car in which the defendant was a passenger, and that the police were authorized to direct both the driver and the defendant to exit the vehicle (*see, People v Robinson,* 74 NY2d 773, 775, *cert denied* 493 US 966). Here, the police had probable cause to pull the car over and arrest the driver, as the complainants

identified the car and the driver as being involved in a previous robbery (see, People v Phillips, 281 AD2d 495; People v Douglas, 138 AD2d 731, 732).

Contrary to the defendant's contention, the police were justified in detaining him pending the identification of the driver (see, People v Robinson, supra). Moreover, once the complainants identified the defendant as one of the robbers, the police also had probable cause to arrest him (see, People v Phillips, supra; People v Douglas, supra).

The defendant's identification procedure was not unduly suggestive, as it was accidental in nature, unavoidable under these facts, and unarranged by the police (see, People v Clark, 85 NY2d 886; People v Diaz, 155 AD2d 612; People v McLamb, 140 AD2d 717; People v Maddox, 139 AD2d 597). Thus, the hearing court properly denied that branch of the defendant's omnibus motion which sought to suppress identification testimony.

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. S. Miller, J. P., H. Miller, Schmidt and Cozier, JJ., concur.