■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILLIAMS, Appellant. [753 NYS2d 377] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered May 26, 1998, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Katz, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The evidence presented by the People at the suppression hearing established that the police had probable cause to arrest the defendant. The informant, the defendant's former girlfriend, told the police that the defendant routinely carried a firearm to and from work as a bus driver for the New York City Transit Authority. She further informed the police that he transported the gun in a small black bag which he sometimes placed in a larger pouch. Additionally, she gave the police a full physical description of the defendant, as well as a complete description of the make, model, and color of his vehicle. Two days after receiving this information, the arresting officer personally observed the defendant and the pouch upon the defendant leaving his work site. The officer's personal observations verified completely the information supplied by the informant. Upon stopping the defendant's vehicle, the officer recovered the illegal handgun from the black bag inside the larger pouch.

Generally, the information provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest (*see People v Jade,* 286 AD2d 688; *People v Phillips,* 281 AD2d 495; *People v Douglas,* 138 AD2d 731, 732). Accordingly, the gun recovered from the vehicle was lawfully seized pursuant to the automobile exception to the warrant requirement since the information supplied by the informant also gave the police probable cause to believe that there was a gun in the vehicle (*see People v Blasich,* 73 NY2d 673; *People v Lacen,* 154 AD2d 398, 399; *see also People v Martin,* 221 AD2d 568). Feuerstein, J.P., Smith, Goldstein and Luciano, JJ., concur.