■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN DANIELS, Appellant. [804 NYS2d 345]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered January 11, 1996, convicting him of murder in the second degree and burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony, physical evidence, and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court correctly refused to suppress the identification testimony of a witness who selected him from a lineup, as the lineup was not unduly suggestive (*see People v Ortiz*, 273 AD2d 482 [2000];

*People v Cintron*, 226 AD2d 390 [1996]). In addition, the court correctly refused to suppress certain physical evidence that the police seized during a warrantless search of the defendant's bedroom, as the defendant's mother, who had the authority to consent to the search (*People v Moorer*, 58 AD2d 878 [1977]), voluntarily gave that consent (*see People v Boylan*, 111 AD2d 928 [1985]). The court also correctly refused to suppress incriminating statements that the defendant made to detectives soon after his arrest, as the arrest was supported by probable cause (*see People v Rios*, 11 AD3d 641 [2004]; *People v Walton*, 309 AD2d 956 [2003]), and was not in violation of *Payton v New York* (445 US 573 [1980]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are either unpreserved for appellate review (*see* CPL 470.05 [2]) or without merit. Cozier, J.P., Krausman, Goldstein and Lunn, JJ., concur.