■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DYAMI STAFFORD, Appellant. [834 NYS2d 301]—

Appeal by the defendant from a judgment of the County

Court, Orange County (DeRosa, J.), rendered December 7, 2005, convicting him of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the seventh degree (two counts), reckless driving, and unlawful possession of marijuana, upon his plea of guilty, and imposing sentences. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

At approximately 8:10 P.M. on May 12, 2005 police officers on Lander Street in the City of Newburgh observed a Cadillac being driven by an individual whom they recognized as having an active City Court of Newburgh arrest warrant. The defendant, driving a green car (hereinafter the defendant's vehicle), followed the Cadillac. The defendant's vehicle attracted the attention of the police because it was traveling at approximately 55 to 60 miles an hour in an area with a 30-mile per hour speed limit which was crowded with pedestrians where children were playing. As a result of the speed and manner in which the defendant was driving, a pedestrian had to quickly step back from the street to avoid the defendant's vehicle, which kicked up a cloud of debris and dust as it sped by. The defendant's vehicle cut through a parking lot and failed to slow down at an intersection where a police roadblock was set up. The Cadillac and the defendant's vehicle stopped a short time later. As the police approached the defendant's vehicle, a passenger exited the vehicle and fled the scene. Meanwhile, the driver of the Cadillac left his vehicle and tried to enter the defendant's vehicle. The police ordered the defendant out of his vehicle, asked him where he was going and whether he knew how fast his vehicle was going. The defendant refused to answer.

The defendant was arrested at the scene for reckless driving and was patted down before being handcuffed. The police recovered narcotics and marijuana from his person. When the defendant arrived at the station house, he made spontaneous statements to an individual who was in custody, stating that he had "some stuff," "some of everything" on him.

After a hearing, the County Court denied that branch of the defendant's omnibus motion which was to suppress the drugs recovered from the defendant's person and the spontaneous statements he made at the station house.

The hearing court properly admitted into evidence the testimony of a police officer as to the speed of the defendant's vehicle because an adequate foundation was laid (*see Guthrie v*

*Overmyer,* 19 AD3d 1169, 1170 [2005]; *People v Racine,* 132 AD2d 899, 900 [1987]). The determination of the hearing court, which had the advantage of hearing and seeing the witnesses, is to be accorded great weight on appeal (*see People v Prochilo,* 41 NY2d 759, 761 [1977]; *People v Jade,* 286 AD2d 688, 689 [2001]; *People v Rosario,* 245 AD2d 470 [1997]). The hearing court was correct in finding that the observations of the police established probable cause for the defendant's arrest (*see People v Alvarez,* 100 NY2d 549, 550 [2003]; *People v Fleury,* 8 AD3d 585, 587 [2004]) for reckless driving prior to the search of his person (*cf. People v Howell,* 49 NY2d 778, 779 [1980]; *People v Carvajales,* 152 AD2d 675 [1989]). The defendant's statements were spontaneous in nature and were not the product of police interrogation. Thus, they were admissible in the absence of *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]; *People v Buffa,* 266 AD2d 400, 401 [1999]; *People v Rosario, supra* at 471; *People v Johnson,* 240 AD2d 432, 432 [1997]).

The defendant's remaining contentions are without merit.

Therefore, the hearing court properly denied those branches of the defendant's motion which were to suppress both the drugs recovered from his person and the statements he made at the station house. Schmidt, J.P., Mastro, Carni and Dickerson, JJ., concur.