In the Matter of ISAIAH P., a Person Alleged to be a Juvenile Delinquent, Appellant. [846 NYS2d 321]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Kings County (Spodek, J.), dated August 21, 2006, which, after a hearing, found that the appellant had committed acts which constituted the crime of unlawful possession of a weapon by a person under 16 (two counts) and acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the fourth degree and possession of pistol or revolver ammunition, and (2) an order of disposition of the same court dated October 12, 2006, which, upon the fact-finding order, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months. The appeals bring up for review the denial, after a hearing, of those branches of the appellant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12

months is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant on probation under the supervision of the New York State Office of Children and Family Services for a period of 12 months has been rendered academic, as the period of placement has expired (*see Matter of Terrance D.*, 44 AD3d 656 [2007]). However, because there may be collateral consequences resulting from the adjudication of delinquency, that portion of the appeal which brings up for review the fact-finding order is not academic (*see Matter of Ricky A.*, 11 AD3d 532, 533 [2004]).

The Family Court properly denied that branch of the appellant's omnibus motion which was to suppress certain physical evidence found in his bedroom. The presentment agency established at the suppression hearing that the police had the permission of the appellant's father to enter the appellant's bedroom and to remove the evidence therefrom. "[T]he police may lawfully conduct a warrantless search when they have obtained the voluntary consent of a party who possesses the requisite degree of authority and control over the premises or personal property in question" (*People v Cosme*, 48 NY2d 286, 290 [1979]). The court's determination that the father's consent was voluntary was supported by the testimony of three police officers. The appellant's contention to the contrary, which is based on the hearing testimony of his father and brother, presented a credibility issue which the Family Court resolved in favor of the presentment agency. That court had the advantage of seeing and hearing the witnesses, and its determination is to be accorded great weight on appeal (*see Matter of Christian M.*, 37 AD3d 834 [2007]; *cf. People v Stafford*, 39 AD3d 774, 776 [2007]; *People v Jade*, 286 AD2d 688, 689 [2001]). Since its determination is supported by the record, it will not be disturbed.

Further, the Family Court properly denied that branch of the appellant's omnibus motion which was to suppress his statement to the police. The police officer could not have known that the relevant questions put to the appellant were reasonably likely to elicit an incriminating response (*cf. Rhode Island v Innis*, 446 US 291, 301 [1980]; *People v Ferro*, 63 NY2d 316, 319 [1984], *cert denied* 472 US 1007 [1985]; *People v Webb*, 224 AD2d 464 [1996]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792 [1987]; *cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was

legally sufficient to establish, beyond a reasonable doubt, that the appellant was in constructive possession of the firearm (*cf.* Penal Law § 10.00 [8]; *People v Lamont*, 21 AD3d 1129, 1130 [2005]; *People v Skyles*, 266 AD2d 321, 322 [1999]). Moreover, upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see Matter of Christian M.*, 37 AD3d 834 [2007]; *cf. People v Romero*, 7 NY3d 633 [2006]). Miller, J.P., Lifson, Angiolillo and McCarthy, JJ., concur.