The People of the State of New York, Respondent, v Manfredi Bran, Appellant. [918 NYS2d 576]—

Contrary to the defendant's contention, the hearing court properly denied suppression of certain physical evidence found in the defendant's bedroom. " '[T]he police may lawfully conduct a warrantless search when they have obtained the voluntary consent of a party who possesses the requisite degree of authority and control over the premises or personal property in question' " (*People v Kelly*, 58 AD3d 868, 869 [2009], quoting *People v Cosme*, 48 NY2d 286, 290 [1979]). Here, the People established that the defendant lived with his family and that the defendant's father, who the defendant testified owned the premises where he resided, voluntarily granted the police permission to enter the house and search the defendant's bedroom, which was shared with another family member (*see People v Kelly*, 58 AD3d at 869; *Matter of Isaiah P.*, 45 AD3d 772, 773 [2007]; *People v Forino*, 39 AD3d 664, 665 [2007]; *People v Daniels*, 22 AD3d 678, 679 [2005]).

In reviewing the defendant's contention that his trial counsel was ineffective, we must "avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" (*People v Baldi*, 54 NY2d 137, 146 [1981]). Upon our review of the totality of the record, we are satisfied that the defendant's counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d at 147).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hooker*, 71 AD3d 1160 [2010]; *People v Douglas*, 64 AD3d 726 [2009]; *People v Dashosh*, 59 AD3d 731 [2009]). In any event, the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or fair response to

defense counsel's summation (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Ashwal*, 39 NY2d 105, 109 [1976]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.