■ The People of the State of New York, Respondent, v Anthony Casolari, Appellant. [779 NYS2d 705]—

Appeal from a judgment of the Monroe County Court (Charles T. Maloy, J.), rendered March 27, 1989. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]), defendant contends that County Court erred in denying his suppression motion. We reject that contention. Defendant contends that the application for the search warrant was not supported by probable cause because the affidavit of the police officer provided in support thereof did not vouch for the credibility of the confidential informant. Here, however, the confidential informant appeared and testified under oath before the issuing court, and thus "there [was] no need for the officer to speak for the informant, when the informant [could] speak for himself" (*People v Brown*, 40 NY2d 183, 187 [1976]). Defendant further contends that the search warrant was improperly issued because the information in the warrant application was stale. Even assuming, arguendo, that defendant's contention is preserved for our review, we conclude that it is lacking in merit. The information in the application was indicative of an ongoing drug operation at defendant's residence, and thus the application "established probable cause to believe that a search of defendant's residence would result in evidence of drug activity" (*People v McLaughlin*, 269 AD2d 858, 858 [2000], *lv denied* 95 NY2d 800 [2000]; *see People v White*, 258 AD2d 677, 678 [1999]). Present—Pine, J.P., Wisner, Scudder, Gorski and Lawton, JJ.