The People of the State of New York, Respondent, v Wilfredo Brito, Appellant. [872 NYS2d 621]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered January 11, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [2]) and one count of criminal possession of a controlled substance in the seventh degree (§ 220.03), defendant contends that his arrest was not based upon probable cause inasmuch as the People failed to satisfy the Aguilar-Spinelli test with respect to the citizen informant who provided the relevant information to the police. We reject that contention. "[T]he information provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest" (People v Williams, 301 AD2d 543 [2003], lv denied 100 NY2d 589 [2003]; see People v Bingham, 263 AD2d 611, 612 [1999], lv denied 93 NY2d 1014 [1999]). The reliability and veracity of an identified citizen is presumed, particularly in light of "the criminal sanctions attendant upon falsely reporting . . . information to the authorities" (People v Chipp, 75 NY2d 327, 340 [1990], cert denied 498 US 833 [1990]). Furthermore, the statement by the identified citizen informant that was against the informant's "own penal interest constituted reliable information for the purposes of supplying probable cause" (People v Riggins, 161 AD2d 813, 814 [1990], lv denied 76 NY2d 851, 863 [1990]). We accord great deference to the determination of County Court crediting the testimony of the police officer concerning the information provided by the citizen informant (see generally People v Prochilo, 41 NY2d 759, 761 [1977]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Smith, Centra and Peradotto, JJ.