■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE McCLAIN, Appellant. [890 NYS2d 752]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered April 3, 2007. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a plea of guilty, of murder in the second degree (Penal Law § 125.25 [3]), defendant contends that the police lacked probable cause to arrest him and that Supreme Court therefore erred in refusing to suppress his statement to the police made as the result of that allegedly unlawful arrest. We reject that contention. The record of the suppression hearing establishes that an identified citizen observed defendant at the crime scene and informed the police that defendant was involved in the homicide. We note in addition that a second identified citizen verified defendant's presence at the crime scene. It is well settled that "information provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest" (*People v Williams*, 301 AD2d 543 [2003], *lv denied* 100 NY2d 589 [2003]; *see People v Brito*, 59 AD3d 1000 [2009], *lv denied* 12 NY3d 814 [2009]; *People v Grant*, 254 AD2d 700, 700-701 [1998], *lv denied* 93 NY2d 853 [1999]). "When the witness supplying information to the police is an identified citizen relating information about a crime the citizen personally observed, the People need not make an independent showing of the . . . reliability and basis of knowledge" of the witness (*People v Martin*, 221 AD2d 568, 568 [1995], *lv denied* 87 NY2d 1021 [1996]; *see People v Rivera*, 210 AD2d 895 [1994]). Moreover, "[w]e accord great deference to the determination of [Supreme] Court credit-

ing the testimony of the police officer concerning the information provided by the citizen informant" (*Brito*, 59 AD3d at 1000). Finally, we reject defendant's contention that the sentence is unduly harsh or severe. Present—Smith, J.P., Peradotto, Green, Pine and Gorski, JJ.