■ The People of the State of New York, Respondent, v Brian H. Hulbert, Appellant. [939 NYS2d 661]—

Malone Jr., J. Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered October 15, 2010, upon a verdict convicting defendant of the crime of driving while intoxicated (two counts).

Following a jury trial, defendant was convicted of two counts of driving while intoxicated, and he was thereafter sentenced to concurrent prison terms of 2⅓ to 7 years. He now appeals, contending solely that County Court erred in admitting into evidence two breath test machine maintenance and calibration records and a simulator solution certification. According to defendant, the court's admission of these documents into evidence without also allowing him an opportunity to cross-examine the individuals who had prepared the documents violated his rights under the Confrontation Clause of the Sixth Amendment of the US Constitution. We disagree.

The Confrontation Clause of the Sixth Amendment prohibits the use of a testimonial hearsay statement against a defendant unless the defendant is provided with an opportunity to cross-examine the witness (*see generally Crawford v Washington*, 541 US 36 [2004]). To be considered testimonial, the primary purpose of the statement must be to "establish or prove past events potentially relevant to later criminal prosecution" (*Davis v Washington*, 547 US 813, 822 [2006]). For instance, it has been held that statements in "[a] document created solely for an 'evidentiary purpose,' . . . made in aid of a police investigation, ranks as testimonial" (*Bullcoming v New Mexico*, 564 US —, —, 131 S Ct 2705, 2717 [2011], quoting *Melendez-Diaz v Massachusetts*, 557 US 305, —, 129 S Ct 2527, 2532 [2009]). On the other hand, statements in "[b]usiness and public records are generally admissible absent confrontation . . . because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving [a] fact at trial—they are not testimonial" (*Melendez-Diaz v Massachusetts*, 557 US at — - —, 129 S Ct at 2539-2540).

Here, the documents at issue, which were not created solely for the purpose of prosecuting defendant, contained statements that the breath test machine had been routinely tested to ensure that it accurately measured a sample of simulator solution and also contained an analysis of the simulator solution that had been used. While the statements in these documents provided a "necessary foundational requirement for the admission of [the]

breath test results," they "are not accusatory in the sense that they do not establish an element of the crimes . . . [and], standing alone, the documents shed no light on defendant's guilt or innocence" (*People v Pealer*, 89 AD3d 1504, 1505 [2011]; *compare Bullcoming v New Mexico*, 564 US —, 131 S Ct 2705 [2011] [the defendant challenged a certified laboratory result reporting that alcohol had been found in a sample of his blood]; *Melendez-Diaz v Massachusetts*, 557 US 305 [2009] [the defendant challenged a certified laboratory result reporting that cocaine had been found in a sample of his blood]). Thus, inasmuch as the documents challenged by defendant here established only that the breath test machine had been maintained and was functioning properly, and did not directly prove an element of the crimes with which defendant was charged, they were properly admitted into evidence (*see People v Pealer*, 89 AD3d at 1505; *see also Melendez-Diaz v Massachusetts*, 557 US at — n 1, 129 S Ct at 2532 n 1 ["documents prepared in the regular course of equipment maintenance may well qualify as nontestimonial records"]; *People v Brown*, 13 NY3d 332, 339-340 [2009]).

Mercure, A.P.J., Rose, Spain and McCarthy, JJ., concur. Ordered that the judgment is affirmed.