■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YANCY D. COOK, Appellant. [975 NYS2d 505]—

Stein, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered July 19, 2012, upon a verdict convicting defendant of the crimes of aggravated driving while intoxicated and driving while intoxicated (two counts).

In May 2011, defendant was driving an all-terrain vehicle with his seven-year-old son as a passenger. A State Trooper approached defendant, detected an odor of alcohol and observed that defendant had glassy eyes. Defendant admitted to the trooper that he had been drinking alcohol and subsequently failed multiple field sobriety tests. As a result, defendant was arrested and transported to the police station, where a breathalyzer test revealed that defendant had a blood alcohol content of .12%. Defendant thereafter was charged with driving while intoxicated (two counts) and aggravated driving while intoxicated. Following a jury trial, defendant was found guilty as charged and was subsequently sentenced to four months in jail and a three-year conditional discharge, requiring him to install an ignition interlock device. Defendant now appeals, and we affirm.

Defendant's sole argument on appeal is that his 6th Amendment right to confront witnesses was violated when County Court allowed the admission of the calibration and maintenance records for the breathalyzer machine without requiring the People to call as witnesses the individuals who signed those rec-

ords. The maintenance records were prepared by employees of the State Police Forensic Investigation Center and were kept in the regular course of business. While defendant argues that the records were testimonial in nature because their purpose was to prove an element of the crime at trial, the Court of Appeals has recently rejected this argument and held "that documents pertaining to the routine inspection, maintenance and calibration of breathalyzer machines are nontestimonial under *Crawford* [*v Washington* (541 US 36, 53-54 [2004])] and its progeny" (*People v Pealer*, 20 NY3d 447, 456 [2013], *cert denied* 571 US —, 134 S Ct 105 [2013]; *see People v Menegan*, 107 AD3d 1166, 1168 [2013]; *People v Hulbert*, 93 AD3d 953, 954 [2012]).* Accordingly, the admission of these records did not violate defendant's rights under the Confrontation Clause.

Peters, P.J., McCarthy and Spain, JJ., concur. Ordered that the judgment is affirmed.

 ---

* To the extent that defendant argues that two United States Supreme Court cases—*Melendez-Diaz v Massachusetts* (557 US 305 [2009]) and *Bullcoming v New Mexico* (564 US —, 131 S Ct 2705 [2011])—"trump[ ]" the Court of Appeals' holding in *Pealer*, we note that both *Melendez-Diaz* and *Bullcoming* were explicitly addressed in *Pealer* (*People v Pealer*, 20 NY3d at 454-455).