# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1266

KA 11-02613

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BOBBY PRICE, JR., DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered December 12, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). Defendant contends that County Court erred in refusing to suppress tangible evidence that the police seized from his person after stopping his vehicle. Defendant failed to preserve for our review his contention that the evidence must be suppressed based on the use of excessive force by the police because he failed to raise that specific contention in his motion papers or at the hearing (*see People v Gomez*, 193 AD2d 882, 883, *lv denied* 82 NY2d 708; *see generally People v Jacquin*, 71 NY2d 825, 826-827; *People v Caballero*, 23 AD3d 1031, 1032, *lv denied* 6 NY3d 846).

In any event, that contention lacks merit. "Claims that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other seizure of a person are properly analyzed under the Fourth Amendment's objective reasonableness standard . . . Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake . . . The test of reasonableness under the Fourth Amendment requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the

safety of the officers or others, and whether he [or she] is actively resisting arrest or attempting to evade arrest by flight" (*People v Smith*, 95 AD3d 21, 26 [internal quotation marks omitted]; *see Graham v Connor*, 490 US 386, 388).

Here, the officers stopped the vehicle being driven by defendant, removed defendant from the vehicle at gunpoint, and immediately asked him where the gun was located.  Defendant was being sought in connection with the crime of burglary in the first degree, a class B violent felony, and was believed to be in possession of a handgun, based upon information provided by an identified citizen. Furthermore, although he did not actively resist the police upon being stopped, he had left the crime scene and thus was attempting to evade arrest by flight.  Consequently, applying the *Graham* test, we conclude that the officers' use of force was reasonable under the Fourth Amendment.  Finally, insofar as defendant contends that the officers stopped him without probable cause, we agree with the court that the information available to the police justified a level three intrusion under *People v De Bour* (40 NY2d 210, 223; *see People v Hollman*, 79 NY2d 181, 184-185; *cf. People v Moore*, 6 NY3d 496, 498-499), and that the actions of the police required only that level of knowledge.

We have considered defendant's remaining contention and conclude that it is without merit.

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court