# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1161**
**KA 12-01117**
PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

GEORGE SANTOS, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

JOHN J. RASPANTE, UTICA, FOR DEFENDANT-APPELLANT.

LEANNE K. MOSER, DISTRICT ATTORNEY, LOWVILLE, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Lewis County Court (Charles C. Merrell, J.), rendered October 16, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance (CPCS) in the third degree (Penal Law § 220.16 [1]) and criminally using drug paraphernalia in the second degree (§ 220.50 [3]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of CPCS in the fourth degree (§ 220.09 [1]). In appeal No. 3, defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal sale of a controlled substance in the third degree (§ 220.39 [1]). All of the pleas were entered during one plea proceeding, following the denial of defendant's suppression motion concerning all of the charges. At the outset, we reject the People's contention that defendant's waiver of the right to appeal was valid and thus encompasses his challenge in each appeal to County Court's suppression ruling. "[W]e are unable to determine based on the record before us whether the court ensured 'that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Johnson*, 109 AD3d 1191, 1191, *lv denied* 22 NY3d 997, quoting *People v Lopez* 6 NY3d 248, 256). Nevertheless, we conclude that the court properly denied defendant's motion.

Defendant contends that he was entitled to suppression because

there was an insufficient basis for issuance of the warrant to search his residence.  Contrary to defendant's contention, however, the information in the search warrant application "was indicative of an ongoing drug operation at defendant's residence, and thus the application 'established probable cause to believe that a search of defendant's residence would result in evidence of drug activity' " (*People v Casolari*, 9 AD3d 894, 895, *lv denied* 3 NY3d 672; *see People v Pitcher*, 1 AD3d 1051, 1052).  Defendant failed to preserve for our review his contention that the search warrant was overly broad because he "failed to raise that specific contention in his motion papers or at the [suppression] hearing" (*People v Price*, 112 AD3d 1345, 1346; *see generally People v Maxis*, 50 AD3d 922, 923; *People v Caballero*, 23 AD3d 1031, 1032, *lv denied* 6 NY3d 846).  We decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

Contrary to defendant's further contention, the police had probable cause for his warrantless arrest, which occurred prior to the execution of the search warrant.  We thus reject defendant's contention that he was entitled to suppression of the evidence derived from the allegedly improper warrantless arrest, including, among other things, cell phones and cash from his person.  The record of the suppression hearing establishes that an identified citizen told the police that he purchased heroin from defendant once on the date of the arrest and once on the day before the arrest, and another identified citizen told the police that she witnessed both of those transactions.  "It is well settled that 'information provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest' " (*People v McClain*, 67 AD3d 1480, 1480, *lv denied* 14 NY3d 803; *see People v Brito*, 59 AD3d 1000, 1000, *lv denied* 12 NY3d 814).

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court