# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1406**
**KA 13-00528**
PRESENT: SMITH, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CHEVELLE LEWIS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered February 8, 2013. The judgment convicted defendant, upon a nonjury verdict, of driving while intoxicated, driving while ability impaired and failure to stay within a single lane.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a nonjury verdict of driving while intoxicated as a felony (Vehicle and Traffic Law §§ 1192 [2]; 1193 [1] [c] [i]), driving while ability impaired (§ 1192 [1]), and failure to stay within a single lane (§ 1128 [a]). We reject defendant's contention that Supreme Court erred in admitting in evidence breath test calibration and simulator solution certificates used in verifying the accuracy of the breathalyzer test. According to defendant, the admission of those records in evidence violated her rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution because the records were testimonial in nature (*see generally Crawford v Washington*, 541 US 36, 50-54). We reject defendant's contention, inasmuch as the Court of Appeals has determined "that documents pertaining to the routine inspection, maintenance and calibration of breathalyzer machines are nontestimonial under *Crawford* and its progeny" (*People v Pealer*, 20 NY3d 447, 456, *cert denied* ___ US ___, 134 S Ct 105; *see People v Cook*, 111 AD3d 1169, 1169-1170, *lv denied* 22 NY3d 1155).

Defendant further contends that the police did not have probable cause to believe that she was operating her vehicle while intoxicated at the time that she was arrested and thus that her statements and any other evidence seized as a result of the arrest, including the results

of the breathalyzer test, should have been suppressed.  Defendant moved only to suppress her statements on the ground that they were a product of an unlawful arrest, and thus her contention is unpreserved for our review insofar as it concerns evidence other than her statements (*see People v Price*, 112 AD3d 1345, 1345-1346; *People v Fuentes*, 52 AD3d 1297, 1298, *lv denied* 11 NY3d 736).  We decline to exercise our power to review that part of defendant's contention concerning evidence other than her statements as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We conclude that the court properly refused to suppress defendant's statements.  The record establishes that the officer who took defendant into custody testified that defendant hit a curb with her vehicle while she was exiting a gas station, and that she also failed to stay within her lane while driving.  That officer thus attempted to effectuate a traffic stop of defendant's vehicle, whereupon defendant stopped her vehicle in the middle of the street.  The officer directed her to pull into a nearby parking lot.  The officer subsequently smelled the odor of alcohol emanating from defendant, and he observed that her eyes were glassy and bloodshot.  Even crediting defendant's contention that there was contradictory evidence regarding whether a field sobriety test was conducted at the scene, we nevertheless conclude from the totality of the circumstances, including defendant's erratic driving, defendant's appearance, and the odor of alcohol detected by the officer, that there was probable cause to believe that defendant was driving in violation of Vehicle and Traffic Law § 1192 (*see People v LeRow*, 70 AD3d 66, 71; *People v Mojica*, 62 AD3d 100, 114, *lv denied* 12 NY3d 856; *People v Scalzo*, 176 AD2d 363, 364).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court