# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1414
KA 13-00674
PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

LASHAWN RHODAFOX, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF
COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (John H.
Crandall, A.J.), rendered January 24, 2013.  The judgment convicted
defendant, upon his plea of guilty, of criminal possession of a weapon
in the second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon his
plea of guilty of criminal possession of a weapon in the second degree
(Penal Law § 265.03 [3]), defendant contends that County Court erred
in refusing to suppress a handgun seized from his bedroom.  We reject
that contention.  The record establishes that probation officers of an
individual with whom defendant shared his residence conducted a
warrantless search of the residence, and that a police officer had
entered the residence after being notified that probation officers had
discovered evidence of illegal drugs.  The handgun was seized during
the subsequent execution of a search warrant obtained by the police.
Contrary to defendant's contention, the court properly concluded that
there was probable cause for the issuance of the warrant based on
information obtained by the police independent of the police officer's
unlawful entry into defendant's bedroom during the warrantless search
(see People v Arnau, 58 NY2d 27, 33, cert denied 468 US 1217).  We
likewise reject defendant's contention that there was an insufficient
basis for issuance of the warrant to search the entire residence,
including his bedroom.  We conclude that "[t]he information in the
[search warrant] application was indicative of an ongoing drug
operation at defendant's residence, and thus the application
'established probable cause to believe that a search of defendant's
residence would result in evidence of drug activity' " (People v

*Casolari*, 9 AD3d 894, 895, *lv denied* 3 NY3d 672).

Frances E. Cafarell
                                           Clerk of the Court