■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES T. BRINSON, JR., Appellant. [55 NYS3d 564]—Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered July 16, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (six counts) and criminal sale of marihuana in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, six counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Defendant's contention that he was denied effective assistance of counsel based upon defense counsel's alleged failure to pursue a meritorious speedy trial motion does not survive his plea or the valid waiver of the right to appeal "inasmuch as defendant failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [defense counsel's] allegedly poor performance" (*People v Lucieer*, 107 AD3d 1611, 1612 [2013] [internal quotation marks omitted]). In any event, it appears from the record before us that defendant did not have a meritorious speedy trial claim, and thus defense counsel " 'was not ineffective in failing to pursue a motion that had no chance of success' " (*id.*; *see generally People v Caban*, 5 NY3d 143, 152 [2005]). Defendant's further contention that the sentence is unduly harsh and severe

also is encompassed by the valid waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Carter*, 147 AD3d 1540, 1540 [2017]). Present—Whalen, P.J., Smith, DeJoseph, Troutman and Scudder, JJ.