People v Massey (2021 NY Slip Op 00977)





People v Massey


2021 NY Slip Op 00977


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, WINSLOW, AND DEJOSEPH, JJ.


1190 KA 09-00914

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERROL MASSEY, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
TERROL MASSEY, DEFENDANT-APPELLANT PRO SE.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered April 20, 2007. The appeal was held by this Court by order entered June 28, 2019, decision was reserved and the matter was remitted to Supreme Court, Erie County, for further proceedings (173 AD3d 1801 [4th Dept 2019]). The proceedings were held and completed (M. William Boller, A.J.). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]) and conspiracy in the second degree (§ 105.15). In a prior appeal, we rejected the majority of defendant's contentions but, with respect to his contention that Supreme Court erred in refusing to suppress his statements to the police based on a violation of Dunaway v State of New York (442 US 200 [1979]), we held the case, reserved decision, and remitted the matter to Supreme Court for a determination of "whether the statements should be suppressed as the fruit of an illegal detention or arrest" (People v Massey, 173 AD3d 1801, 1805 [4th Dept 2019]). Upon remittal, the court (Boller, A.J.) held a hearing, after which it determined that the police had probable cause to arrest defendant and declined to suppress his subsequent statements to the police. We affirm.
Contrary to defendant's initial contention in his main brief, the court did not err in conducting a de novo Dunaway hearing. Prior to trial, the court (Forma, J.) ordered a combined Huntley and Dunaway hearing. Near the conclusion of the hearing, the court made findings of fact concerning the Huntley part of the hearing, but merely noted in passing that defendant was taken into custody before he spoke to the police. A substitute Justice was assigned and a final witness testified, whereupon the court (Wolfgang, J.) declined to suppress the statements based on the Huntley issue, but did not rule on the Dunaway issue.
Pursuant to Judiciary Law § 21, insofar as relevant here, a justice "shall not decide or take part in the decision of a question, which was argued orally in the court, when he [or she] was not present and sitting therein as a judge." "It has been made clear that [section 21] applies not only to oral argument of motions, but to the taking of testimony, and violation [thereof] is a defect so fundamental that it cannot be waived" (People v Cameron, 194 AD2d 438, 438 [1st Dept 1993]). In determining whether a substitute judge may determine an issue in which the evidence was taken before another judge, we "look[ ] at whether the replacement judge will be asked to make factual determinations, as opposed to reaching legal conclusions, and overall fairness" (People v Hampton, 21 NY3d 277, 285 [2013]).
Here, although we previously concluded that the second justice could render a decision on [*2]the Huntley issue because the first justice made detailed findings of fact concerning that issue, neither of those justices made any findings of fact regarding the Dunaway issue. Consequently, after remittal, the third justice (Boller, A.J.) properly concluded that a new hearing was required because otherwise he would be required to make credibility and factual determinations based upon evidence that was introduced before another justice. Thus, we agree with the court that a de novo hearing was required upon remittal pursuant to Judiciary Law section 21 (see People v Banks, 152 AD3d 816, 817-818 [3d Dept 2017]; Cameron, 194 AD2d at 438-439).
Contrary to defendant's further contention in his main and pro se supplemental briefs, the People established at the hearing upon remittal that the officers who took defendant into custody had probable cause to arrest him, and thus the court properly ruled that the Dunaway issue did not require suppression. Prior to taking defendant into custody, police officers spoke to numerous witnesses regarding the crime, including two accomplices and one additional witness, all of whom indicated that defendant killed the victim. One of those witnesses overheard a telephone call defendant made to one of the accomplices during the killing, in which defendant said that he was strangling the victim and she was bleeding but not dying. Thus, contrary to defendant's contention, "the police had probable cause to arrest him on the basis of statements [of his accomplices] implicating him in the crime" (People v Luciano, 43 AD3d 1183, 1183 [2d Dept 2007], lv denied 9 NY3d 991 [2007]; see People v Mills, 137 AD3d 1690, 1690 [4th Dept 2016], lv denied 27 NY3d 1136 [2016]; People v Fulton, 133 AD3d 1194, 1195 [4th Dept 2015], lv denied 26 NY3d 1109 [2016], reconsideration denied 27 NY3d 997 [2016]), and upon his admission that was overheard by a witness. It is well settled that information provided "by [an] identified citizen informant that was against the informant's 'own penal interest constitute[s] reliable information for the purposes of supplying probable cause' " (People v Brito, 59 AD3d 1000, 1000 [4th Dept 2009], lv denied 12 NY3d 814 [2009]; see Fulton, 133 AD3d at 1195; see generally People v Santos, 122 AD3d 1394, 1395 [4th Dept 2014]), and the information provided by the accomplices implicated themselves as well as defendant. Based on the totality of the evidence, the court properly determined that the arresting officers had probable cause to arrest defendant.
We have considered the remaining contentions in defendant's pro se supplemental brief and conclude that they do not require modification or reversal of the judgment.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court