People v Llewelyn (2023 NY Slip Op 05553)

People v Llewelyn

2023 NY Slip Op 05553

Decided on November 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 2, 2023

112255
[*1]The People of the State of New York, Respondent,
v
Christopher Llewelyn, Appellant.

Calendar Date:October 11, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Ameer N. Benno, Albany, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Ulster County (Donald A. Williams Jr., J.), rendered December 17, 2019, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
While incarcerated, defendant was found in possession of a "ceramic type scalpel blade" and was charged by felony complaint with promoting prison contraband in the first degree. Defendant waived indictment and pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree as set forth in a superior court information (hereinafter SCI), and waived his right to appeal. County Court sentenced defendant, as a second felony offender, to the agreed-upon prison term of 2 to 4 years to run consecutively to the sentence he was then serving. Defendant appeals.
We affirm. Defendant's sole contention is that the waiver of indictment and the related SCI were rendered jurisdictionally defective by failing to comport with the felony complaint. Initially, his claims in this regard survive his guilty plea and waiver of appeal (see People v Pierce, 14 NY3d 564, 570 n 2 [2010]; People v Martinez, 106 AD3d 1379, 1379 [3d Dept 2013], lv denied 22 NY3d 957 [2013]). Turning to the merits, where a defendant waives indictment and consents to be prosecuted by an SCI, "the SCI must either charge [the] defendant with the same crime as the felony complaint or a lesser included offense of that crime" (People v Pierce, 14 NY3d at 571). Here, the felony complaint originally charging defendant denominated the crime charged as Penal Law § 205.25 (1), rather than Penal Law § 205.25 (2) as indicated in the waiver of indictment and the SCI to which defendant ultimately pleaded guilty. Upon our review, however, we find that the record reflects that this discrepancy was merely a typographical error as the facts alleged in the felony complaint made clear that the crime intended to be charged was Penal Law § 205.25 (2) (see People v Jackson, 128 AD3d 1279, 1279-1280 [3d Dept 2015], lv denied 26 NY3d 930 [2015]; see also People v Gotham, 158 AD3d 1299, 1300 [4th Dept 2018], lv denied 31 NY3d 1014 [2018]). Accordingly, we find that defendant was charged in the SCI with the same crime with which he was charged in the felony complaint and, thus, that the waiver of indictment and the related SCI were not jurisdictionally defective (see CPL 195.20; People v Pierce, 14 NY3d at 571).
Clark, J.P., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.