People v Tillman (2025 NY Slip Op 05379)

People v Tillman

2025 NY Slip Op 05379

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND KEANE, JJ.

664 KA 24-00094

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL TILLMAN, DEFENDANT-APPELLANT. 

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered June 2, 2022. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]), defendant contends that his plea was not knowingly, voluntarily, or intelligently entered because County Court coerced him into accepting the plea. By not moving to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve his contention for our review (see People v Jackson, 233 AD3d 1520, 1520 [4th Dept 2024], lv denied 43 NY3d 930 [2025]; People v Racona, 227 AD3d 1544, 1544-1545 [4th Dept 2024], lv denied 42 NY3d 1081 [2025]), and we decline to exercise our power to review the contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant further contends that the court erred in refusing to suppress tangible evidence obtained pursuant to a search warrant. Inasmuch as defendant did not challenge the warrant in the suppression court on the specific grounds raised on appeal, his contention is not preserved for our review (see People v Socciarelli, 203 AD3d 1556, 1558 [4th Dept 2022], lv denied 38 NY3d 1035 [2022]; People v Navarro, 158 AD3d 1242, 1243-1244 [4th Dept 2018], lv denied 31 NY3d 1120 [2018]; People v Santos, 122 AD3d 1394, 1395 [4th Dept 2014]). We
decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court