People v Boone (2025 NY Slip Op 05363)

People v Boone

2025 NY Slip Op 05363

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

643 KA 22-00868

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARKUS BOONE, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (GUY A. TALIA OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (RYAN P. ASHE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered May 2, 2022. The judgment convicted defendant, upon a plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The conviction arose from the discovery of a loaded firearm during a traffic stop of a vehicle in which defendant was a passenger, which was conducted by law enforcement on the basis of two warrants for defendant's arrest, including a felony arrest warrant issued by a superior court judge apparently sitting as a local criminal court premised on a felony complaint charging defendant with criminal possession of a weapon in the third degree (§ 265.02 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We affirm.
Defendant contends that Supreme Court erred in denying that part of his omnibus motion seeking to suppress any evidence obtained as a result of the traffic stop because the felony arrest warrant that served as a basis for the traffic stop is invalid on its face inasmuch as, in violation of the statutory form prescribed by CPL 120.10 (2), it does not state or contain the name of the local criminal court that purportedly issued it. We agree with the People that defendant failed to preserve that contention for our review.
"To preserve an issue for review, counsel must register an objection and apprise the court of grounds upon which the objection is based 'at the time' of the allegedly erroneous ruling 'or at any subsequent time when the court had an opportunity of effectively changing the same' " (People v Cantave, 21 NY3d 374, 378 [2013], mot to clarify op denied 21 NY3d 1070 [2013], quoting CPL 470.05 [2]). "Such protest . . . is sufficient if the party made [their] position with respect to the ruling . . . known to the court" (CPL 470.05 [2]), i.e., "the protest ha[s] to 'be specifically directed at the alleged error' . . . in order to preserve the issue" (People v Keschner, 25 NY3d 704, 721 [2015]). Thus, "a party's failure to specify the basis for a general objection renders the argument unpreserved for [appellate] review" (People v Tonge, 93 NY2d 838, 839-840 [1999]).
Here, the record establishes that defense counsel, prior to the close of the suppression hearing, confirmed that the felony complaint underlying the felony arrest warrant was filed in City Court, acknowledged that the superior court judge appeared to have signed the felony arrest warrant as a superior court judge sitting as a local criminal court, and conceded that the felony arrest warrant appeared sufficient on its face, but nonetheless indistinctly requested that the court review the facial sufficiency of the felony arrest warrant without directing the court's attention to [*2]any particular alleged defect. Despite having the felony arrest warrant before him, defense counsel never specifically contended—as defendant does now—that the felony arrest warrant was invalid on the ground that it failed to meet the requirements of CPL 120.10 (2). We therefore conclude that defendant's contention is not preserved for our review inasmuch as he " 'failed to raise that specific contention in his motion papers or at the [suppression] hearing' " (People v Santos, 122 AD3d 1394, 1395 [4th Dept 2014]; see CPL 470.05 [2]; People v Oliver, 87 AD3d 1035, 1037 [2d Dept 2011]). Moreover, as defendant correctly concedes on appeal, the court did not address in its decision whether the felony arrest warrant properly identified the name of the issuing local criminal court, and thus it cannot be said that the issue is preserved for review on the ground that the court, in response to a protest by defendant, "expressly decided the question raised on appeal" (CPL 470.05 [2]; see People v Parker, 32 NY3d 49, 57 [2018]; People v Johnson, 195 AD3d 1422, 1423 [4th Dept 2021], lv denied 37 NY3d 1146 [2021]; People v Murray, 194 AD3d 1360, 1362 [4th Dept 2021]). We decline to exercise our power to review defendant's challenge to the facial sufficiency of the felony arrest warrant as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; see generally Santos, 122 AD3d at 1395).
Defendant also contends that, contrary to the court's determination, the traffic stop was unlawful because the felony arrest warrant that served as a basis for the traffic stop is invalid on the ground that the underlying felony complaint is insufficient on its face to establish the requisite reasonable cause (see CPL 100.40 [4]; 120.20 [1] [a]; see also CPL 70.10 [2]). We reject that contention. Accounting for the single obvious typographical error in the felony complaint (see People v Llewelyn, 221 AD3d 1060, 1060-1061 [3d Dept 2023], lv denied 40 NY3d 1093 [2024]; People v Stuart, 209 AD3d 1044, 1045 [2d Dept 2022], lv denied 39 NY3d 1114 [2023]), we conclude upon our review of the record that the felony complaint is facially sufficient—at minimum with respect to the charge of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) as decided by the court—inasmuch as the factual part of the felony complaint "contain[s] a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charge[ ]" (CPL 100.15 [3]) that provide "reasonable cause to believe that the defendant committed the offense charged" (CPL 100.40 [4] [b]; see CPL 70.10 [2]; People v Black, 270 AD2d 563, 565 [3d Dept 2000]; People v Price, 234 AD2d 978, 978 [4th Dept 1996], lv denied 90 NY2d 862 [1997]).
Defendant's further contention that he was denied effective assistance of counsel based on defense counsel's failure to file a motion to dismiss the indictment on statutory speedy trial grounds by challenging the propriety of the People's original and supplemental certificates of compliance "survives his guilty plea only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that [he] entered the plea because of [his] attorney['s] allegedly poor performance" (People v Bovee, 221 AD3d 1549, 1549-1550 [4th Dept 2023], lv denied 41 NY3d 982 [2024] [internal quotation marks omitted]; see People v Brinson, 151 AD3d 1726, 1726 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]; see generally People v Parson, 27 NY3d 1107, 1108 [2016]). To the extent that defendant's contention survives his plea, we conclude that it lacks merit. The record establishes that defendant received a favorable plea bargain, and that defendant received meaningful representation (see People v Reynolds, 239 AD3d 1363, 1364 [4th Dept 2025]; People v Moore, 229 AD3d 1279, 1280 [4th Dept 2024]; see generally People v Ford, 86 NY2d 397, 404 [1995]). Contrary to defendant's assertion, we conclude "that there is nothing 'clear cut about [defendant's] CPL 30.30 claim' . . . and that 'its success would have depended on the resolution of several novel issues' in light of the new discovery laws" (Moore, 229 AD3d at 1280, quoting People v Brunner, 16 NY3d 820, 821 [2011]). To the extent that defendant's contention is based on matters outside the record, we note that a CPL 440.10 proceeding is the appropriate forum for reviewing his claim (see People v Stoby, 232 AD3d 1298, 1299 [4th Dept 2024], lv denied 43 NY3d 947 [2025]).
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court